UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LACHANTAE BUCKNER,

Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,

Defendant.

Case No. 26-10503
Honorable Laurie J. Michelson

# OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS [6]

LaChantae Buckner alleges that she sent Equifax a written request for her consumer credit file, but received only a partial disclosure that was missing her full account numbers, account information, and payment history. (ECF No. 1, PageID.3.) She believes Equifax violated 15 U.S.C. § 1681g(a)(1) of the Fair Credit Reporting Act (FCRA) by omitting this information from her request. (*Id.* at PageID.4–6.) As a result, she claims she experienced "frustration and emotional distress when trying to understand [her] credit report and verify it against her own records." (*Id.* at PageID.6.)

Equifax, for its part, believes it provided all that was required under the FCRA. (ECF No. 6, PageID.59.) And it says that Buckner has not identified the exact missing information or how that information impacted her creditworthiness. So Equifax filed a motion to dismiss Buckner's complaint for failure to state a claim. (ECF No. 6.)

The motion is fully briefed and will be decided without oral argument. E.D. Mich. LR 7.1(f)(2).

For the following reasons, Equifax's motion to dismiss (ECF No. 6) is denied.

**I.**

In ruling on Equifax's motion to dismiss, the Court accepts as true Buckner's well-pled factual allegations and draws all reasonable inferences in her favor. *See Thomas v. Montgomery*, 140 F.4th 335, 339 (6th Cir. 2025). Detailed factual allegations are not required to survive a motion to dismiss, *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012), but a complaint must "raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Buckner's "complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Han v. Univ. of Dayton*, 541 F. App'x 622, 626 (6th Cir. 2013).

Because Buckner is proceeding *pro se*, the Court is required to construe her complaint "liberally," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), i.e., "indulgently," *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

Buckner brings one claim under § 1681g(a)(1) of the Fair Credit Reporting Act. That provision requires consumer reporting agencies (CRAs) to, upon request, share information with the consumer from their consumer file. 15 U.S.C. § 1681g(a)(1). The act demands this of CRAs so consumers can "promptly correct the files before they

are disseminated to third parties." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 440 (2021).

Buckner asserts that Equifax failed to disclose to her the following information from her consumer file:

> Bank of America *6532 the full account number, date of last activity, scheduled payment amount, actual payment amount, term duration, date major delinquency 1st reported, deferred payment start date, balloon payment amount, balloon payment date, payment history, payment history in the 24 month history section scheduled payment amount.
>
> JPMCB Card Services *7972 the full account number, date of last activity, scheduled payment amount, actual payment amount, term duration, date major delinquency 1st reported, deferred payment start date, balloon payment amount, balloon payment date, payment history, payment history in the 24 month history section scheduled payment amount.

(ECF No. 1, PageID.3–4.) And she contends Equifax acted both negligently and willfully in violation of the FCRA, and seeks statutory and punitive damages accordingly. (ECF No. 1, PageID.10.) To support these damages, she maintains that Equifax's failure to provide her full account information has caused her "great frustration and emotional distress when trying to understand h[er] credit report and verify it against her own records." (*Id.* at PageID.6.)

Equifax, for its part, says that this provision of the FCRA does not require it to disclose what Buckner requested. Nevertheless, it says that it already *did* disclose those items. Finally, it contends that Buckner did not adequately identify the allegedly missing information.

The Court first addresses a jurisdictional issue before turning to Equifax's arguments.

**A. Standing**

The parties did not address whether Buckner has standing to bring this suit, but the Court will raise the issue because standing goes to the Court's jurisdiction to hear this case. *Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974, 983 (6th Cir. 2012) ("The issue of standing, however, may be raised *sua sponte*") (citing *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007)).

Buckner says that "[t]he failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III." (ECF No. 1, PageID.6.) Not so. "[T]here is no such thing as an 'anything-hurts-so-long-as-Congress-says-it-hurts theory of Article III injury.'" *Huff v. TeleCheck Servs., Inc.*, 923 F.3d 458, 463 (6th Cir. 2019) (quoting *Hagy v. Demers & Adams*, 882 F.3d 616, 622 (6th Cir. 2018)); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 342 (2016) ("[A plaintiff] cannot satisfy the demands of Article III by alleging a bare procedural violation. A violation of one of the FCRA's procedural requirements may result in no harm."). So a mere statutory violation of the FCRA is not enough to confer standing. *See TransUnion LLC*, 594 U.S. at 426 ("[T]his Court has rejected the proposition that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'") (citing *Spokeo*, 578 U.S. at 341.)

But Buckner also pleads that she suffered emotional distress as a result of Equifax's actions. (*See* ECF No. 1, PageID.6.) Courts have explained that allegations of emotional distress are sufficient to establish standing for an FCRA claim at the motion to dismiss stage. *Huff*, 923 F.3d at 463 (suggesting that a plaintiff who "wasted time or suffered emotional distress" due to an incomplete report would experience an actual injury sufficient to confer standing on a § 1681g claim); *Harris v. TransUnion, LLC*, No. 25-192, 2025 WL 3306434, at *8 (N.D. Ga. Oct. 20, 2025) ("[O]f course, '[a]ctual damages' for an FCRA [§ 1681g claim] include both economic damages as well as noneconomic damages such as emotional distress.").

So the Court understands why the issue was not raised by the defense and agrees that Buckner has standing to sue.

**B.**

The Court turns to the merits.

**1.**

To start, the parties disagree on what exactly § 1681g required Equifax to disclose to Buckner. To resolve this disagreement, the Court begins with the statutory text. *CSX Transp., Inc. v. Alabama Dep't of Revenue*, 562 U.S. 277, 283 (2011). Section 1681g requires "[e]very credit reporting agency" to "upon request" "clearly and accurately disclose to the customer" the following categories of information:

> (1) "All information in the consumer's file at the time of the request . . . "
>
> (2) "The sources of the information . . . "
>
> (3) "[i]dentification of each person . . . that procured a consumer report . . . "

> (4) "[t]he dates, original payees, and amounts of any checks upon which is based any adverse characterization of the consumer, included in the file at the time of the disclosure."
>
> (5) "[a] record of all inquiries received by the agency during the 1-year period preceding the request that identified the consumer in connection with a credit or insurance transaction that was not initiated by the consumer."
>
> (6) "[i]f the consumer requests the credit file and not the credit score, a statement that the consumer may request and obtain a credit score."

15 U.S.C. § 1681g(a)(1–6).

Equifax believes that § 1681g(a)(1)'s reference to "all information in the consumer's file" really only pertains to information that bears on Buckner's creditworthiness. (ECF No. 6, PageID.63.) Buckner takes a slightly different approach. She reads the statute literally to require that "all" information in the file be shared (ECF No. 1, PageID.5), and then alternatively says all information in the file that gets shared with third parties, not just information pertaining to creditworthiness, must be disclosed. (ECF No. 10, PageID.86, 88; ECF No. 16, PageID.127.)

Guidance can be discerned from the subsections. If, for example, subsection one's pronouncement that "all information in the consumer's file" must be disclosed truly meant *all* information, then the remaining subsections would be superfluous. *Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1101 (9th Cir. 2022) ("We agree with the Seventh Circuit that these enumerated categories of information would fall within an expansive definition of 'file' and that we should thus avoid an interpretation of 'file' that would render the enumerated categories duplicative") (citing *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 910 (7th Cir. 2007)). So Buckner's reading that

§ 1681g(a) is violated when all information in the file is not disclosed is too broad. *See Clark v. Rameker*, 573 U.S. 122, 131 (2014) (explaining "the rule that 'a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous.'") (citation omitted).

Still, that does not answer the question of what narrower category of information in a consumer's file must be shared with a consumer by a CRA upon a consumer's request.

Equifax argues that "file" really means "information included in a consumer report" and cites a Seventh Circuit case in support. (*Id.* at PageID.62 (citing *Gillespie v. Trans Union Corp.*, 482 F.3d at 908 ("[O]nly the information included in a consumer's credit report must be disclosed [under § 1681g"])).) It also points to the FCRA's definition of a consumer report as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness . . . ." (*Id.* at PageID.62–63 (quoting 15 U.S.C. § 1681a(d)(1)(A)).) In other words, Equifax argues, in essence, that "all information in the consumer's file" means all information in a consumer report, and a consumer report means any information bearing on creditworthiness, such that Buckner would have to show that any missing information bears on her creditworthiness. Since Equifax does not consider account numbers and the other alleged missing information to be pertinent to Buckner's creditworthiness, it argues that any failure to disclose them did not violate § 1681g. (*Id.* at PageID.63 (citing *Penniman v. Equifax Info. Servs. LLC*, No. 25-02241, 2025 WL 4038175, at *2 (C.D. Cal. Dec. 18, 2025) (granting Equifax motion to dismiss

§ 1681g claim because "the information omitted from the Disclosure does not bear on [plaintiff's] creditworthiness")).)

The Sixth Circuit has not yet opined on this issue. But other circuits have. They draw the line as follows. "[I]nternal record-keeping" information need not be disclosed under § 1681g. *Cortez v. Trans Union, LLC*, 617 F.3d 688, 712 (3d Cir. 2010) (citing *Gillespie*, 482 F.3d at 909). But information "similar to that shown to have been included by the CRA in a consumer report in the past or planned to be included in the future" must be disclosed. *Tailford*, 26 F.4th at 1102 (citing *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 759 (9th Cir. 2018)) ("A consumer's file includes "all information on the consumer that is recorded and retained by a [CRA] that might be furnished, or has been furnished, in a consumer report on that consumer."). One district court in this Circuit put it this way:

> "The purpose of § 1681g . . . is to enable consumers to obtain information in order to dispute any potential inaccuracies in the file so that inaccurate information is not sent to third parties." *Selvam v. Experian Info. Sols., Inc.*, 651 F. App'x 29, 33 (2d Cir. 2016). Against that backdrop, it makes sense to read § 1681g as reaching any information that has gone (or might go) to third parties.

*See Watkins v. Equifax Info. Servs. LLC*, No. 25-524, 2025 WL 3763869, at *5 (S.D. Ohio Dec. 30, 2025). So as these courts interpret it, § 1681g requires a CRA to disclose information to a consumer that is or will be sent in a consumer report (and thus) sent to third parties, not simply internal information in the consumer's file or solely "creditworthy" information. The Court has been given no reason not to follow suit.

Here, under either party's interpretation, Buckner's pleading states a plausible claim. She alleges that she requested (and did not receive) full account numbers, account information, and payment data. Surely some of this information pertains to both creditworthiness and is sent in a consumer report/sent to third parties. This is different from the cases Equifax cites where the CRA did not disclose address changes, gender, and telephone numbers from the consumer file (ECF No. 6, PageID.63–64)—such information has no relation to creditworthiness, nor is it shared in consumer reports. So, even if § 1681g required only disclosure of information bearing on a consumer's creditworthiness, Equifax has not convinced the Court that one's account numbers, account information, and payment data do not fall within that category.

**2.**

Equifax next argues that to the extent the account numbers bear on creditworthiness, it has satisfied its obligation by producing the abbreviated numbers. (ECF No. 6, PageID.59–61.) But "[n]umerous courts have permitted FCRA claims to progress past the motion-to-dismiss stage when a plaintiff has alleged that the credit reporting agency failed to provide the full account numbers in response to a request." *English v. TransUnion LLC*, No. 25-574, 2026 WL 2321574, at *3 (S.D. Ohio Aug. 11, 2026) (collecting cases).

The cases Equifax cites do not warrant a different result. The first case, *Walker v. Equifax Info. Sols., LLC*, dealt with a consumer who "offered no evidence that his credit report actually contained inaccurate or incomplete information" and thus could

not survive summary judgment. No. 21-01045, 2024 U.S. Dist. LEXIS 210523, at *16 (N.D. Ga. Sep. 23, 2024). Here, no discovery has been conducted, so Buckner's allegation that her report was incomplete is enough to save her claim from dismissal. In the other case, *Whitaker v. Trans Union Corp.*, the court declined to hold a CRA responsible for the creditors' decision to scramble/truncate the consumer's account number, because "holding a [CRA] liable for reporting a scrambled or truncated account number that a creditor furnished would lead to absurd results, especially if the [CRA] did not know that the creditor furnished it with such an account number." No. 03-2551, 2005 WL 8160827, at *20 (D. Kan. Feb. 3, 2005). Here, Buckner sues a CRA for its own alleged decision to scramble/truncate her account information in providing it to her, not for the decision of a creditor to do so. (ECF No. 1, PageID.9.) So those cases do not apply here.

**3.**

Equifax also seeks dismissal on the ground that Buckner did not adequately identify the specific consumer account information that was allegedly missing. (ECF No. 6, PageID.60.) Not so. As detailed above, Buckner cites specific missing records from her Bank of America account ending in *6532 and her JPMCB Card ending in *7972. (ECF No. 1, PageID.3–4.) So unlike cases where the complaint contains "non-specific, conclusory allegations" about non-disclosure, *Sims v. Citi Bank*, No. 23-00012, 2023 WL 12237788, at *1 (M.D. Tenn. Mar. 14, 2023), or the plaintiff simply "alleged that Defendant failed to provide her full, accurate consumer file" *Mott v. Transunion LLC*, No. 25-10113, 2025 WL 1933950, at *2 (E.D. Mich. July 14, 2025),

here Buckner alleged the "specific omissions" *id.*, from her file. (ECF No. 1, PageID.3–4.)

Thus, dismissal is not warranted on this ground.

**4.**

Equifax's final argument is that Buckner did not specify whether the information was included in her credit file yet not disclosed to her. (ECF No. 6, PageID.60.) This argument does not succeed either. Discovery has not started yet—and, in fact, is stayed pending this motion (ECF No. 12)—so Buckner has not had access to that additional information. This is an argument better raised at the summary judgment stage. *See Harris*, 2025 WL 3306434, at *7 ("Only after the benefit of discovery can the Court say whether such information was in fact in Defendant's consumer file for Plaintiff and whether Defendant improperly failed to disclose it to Plaintiff.").

**II.**

For the foregoing reasons, Equifax's motion to dismiss (ECF No. 6) is DENIED, and the discovery stay is lifted. The motion to file sur-reply/supplemental authority (ECF No. 15) is granted as unopposed. *See* E.D. Mich. LR 7.1(c).

IT IS SO ORDERED.

Dated: November 19, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE